UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
RUSLAN MIRVIS,

                            Plaintiff,

     -against-

HERMAN QUAY, Warden; ELEAZAR GARCIA,
Associate Warden; JONATHAN WHITE, Captain;
"JOHN" POE, Lieutenant; "JOHN" METZGER,
Lieutenant; "JOHN" CALIXTE, Correction Officer;
"JOHN DOE" #1-3, Correction Officers; "G."
GONZALEZ, Correction Officer; "JANE DOE," Correction
Officer; and Counselor MAURY "DOE,"

                            Defendants.

---------------------------------------------------------------------X

19 Civ. 02573 (LDH)(VMS)

**AMENDED COMPLAINT**

Jury Trial Demanded

      Plaintiff, by his attorneys, HELD & HINES, LLP, complaining of Defendants hereinafter states and alleges as follows upon information and belief:

**PRELIMINARY STATEMENT**

      1.     This is a civil rights action in which plaintiff Ruslan Mirvis seeks compensatory and punitive damages against Defendants pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for their violation of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, together with reasonable attorney's costs and fees.

      2.     From at least July 7, 2017 through February 5, 2019, Plaintiff's clearly established constitutional rights were repeatedly violated by the respective Defendants without legal justification through their indifference to his subjection to sexual assault and needed medical care and nourishment while confined to their custody and care as a pre-trial detainee at the Federal Bureau of Prison's Metropolitan Detention Center in Brooklyn (hereinafter, "MDC Brooklyn").

3.      As a result of Defendants' deliberate indifference and wrongful acts and omissions, Plaintiff has suffered irreparable physical and psychological harm.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

5.      This action is also brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*. The Court has jurisdiction over Plaintiffs' claims against Defendants pursuant to 28 U.S.C. § 2201.

6.      Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988 and 28 U.S.C. §2412, which authorize the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(e)(1), and 1402(b) in that all or a substantial part of the acts and omissions complained of herein occurred within Kings County, State of New York, which is within this judicial district.

8.      The amount in controversy exceeds $75,000.00.

## THE PARTIES

9.      At all times alleged herein, Plaintiff was a pre-trial detainee at MDC Brooklyn.

10.     At all times alleged herein, Plaintiff was confined to the custody, control, and care of the defendants and other MDC Brooklyn staff.

11.     At all times alleged herein, defendant Herman Quay ("Warden Quay") was and remains the warden of MDC Brooklyn and, pursuant to that capacity, responsible for the safety, security, medical care, nourishment, sustenance, and well-being of the pre-trial detainees and sentenced inmates entrusted to MDC Brooklyn.

12.     At all times alleged herein, defendant Eleazar Garcia ("A.W. Garcia") was the associate warden of MDC Brooklyn and, pursuant to that capacity, responsible for the safety, security, medical care, nourishment, sustenance, and well-being of the pre-trial detainees and sentenced inmates entrusted to MDC Brooklyn. As Associate Warden, A.W. Garcia is also responsible for correctional service, food service, and health services.

13.     At all times alleged herein, upon information and belief, defendants Warden Quay and A.W. Garcia remained deliberately indifferent to a well-established and persistent pattern or practice whereby MDC Brooklyn detainees, including Plaintiff, were deprived of their rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

14.     At all times alleged herein, upon information and belief, defendants Warden Quay and A.W. Garcia were assigned to MDC Brooklyn in supervisory roles at the subject dates and times and were direct participants in the subject incidents, remaining indifferent to Plaintiff's subjection to sexual assault and needed medical care and nourishment while confined to the custody and care of MDC Brooklyn and in contravention of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution

15.     At all times alleged herein, defendant Jonathan White ("Capt. White") was a correctional captain assigned to MDC Brooklyn in a supervisory role at the subject dates and times and was a direct participant in the subject incidents, remaining indifferent to Plaintiff's subjection to sexual assault and needed medical care and nourishment while confined to the custody and care of MDC Brooklyn and in contravention of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

16.     At all times alleged herein, defendant "John" Poe ("Lt. Poe") was a correctional

lieutenant assigned to MDC Brooklyn in a supervisory role at the subject dates and times and was a direct participant in the subject incidents, remaining indifferent to Plaintiff's subjection to sexual assault and needed medical care and nourishment while confined to the custody and care of MDC Brooklyn and in contravention of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

17. At all times alleged herein, defendant "John" Metzger ("Lt. Metzger") was a correctional lieutenant assigned to MDC Brooklyn in a supervisory role at the subject dates and times and was a direct participant in the subject incidents, remaining indifferent to Plaintiff's subjection to sexual assault and needed medical care and nourishment while confined to the custody and care of MDC Brooklyn and in contravention of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

18. At all times alleged herein, defendant "John" Calixte ("C.O. Calixte") was a correctional officer assigned to MDC Brooklyn at the subject dates and times and was a direct participant in the subject incidents, remaining indifferent to Plaintiff's subjection to sexual assault and needed medical care and nourishment while confined to the custody and care of MDC Brooklyn and in contravention of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

19. At all times alleged herein, defendant John Does 1-3 (collectively, "C.O. John Does"), the identity of whom are currently unknown to Plaintiff, were correctional officers assigned to MDC Brooklyn at the subject dates and times and were direct participants in the subject incidents, remaining indifferent to Plaintiff's subjection to sexual assault and needed medical care and nourishment while confined to the custody and care of MDC Brooklyn and in contravention of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments

of the United States Constitution.

20.     At all times alleged herein, defendant "G." Gonzalez ("C.O. Gonzalez") was a correctional officer assigned to MDC Brooklyn at the subject dates and times and was a direct participant in the subject incidents, remaining indifferent to Plaintiff's subjection to sexual assault and needed medical care and nourishment while confined to the custody and care of MDC Brooklyn and in contravention of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

21.     At all times alleged herein, defendant "Jane Doe" ("C.O. Jane Doe") was a correctional officer assigned to MDC Brooklyn at the subject dates and times and was a direct participant in the subject incidents, remaining indifferent to Plaintiff's subjection to sexual assault and needed medical care and nourishment while confined to the custody and care of MDC Brooklyn and in contravention of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

22.     At all times alleged herein, defendant Maury "Doe" ("Counselor Maury") was a correctional counselor assigned to MDC Brooklyn at the subject dates and times and was a direct participant in the subject incidents, remaining indifferent to Plaintiff's subjection to sexual assault and needed medical care and nourishment while confined to the custody and care of MDC Brooklyn and in contravention of his rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

23.     At all times alleged herein, Defendants were employed by the United States of America and the Department of Justice, Federal Bureau of Prisons, on the dates of the subject incidents and direct participants in the wrongful acts and omissions alleged herein.

24.     Upon information and belief, Defendants engaged in the alleged wrongful acts and

omissions while acting on behalf of the Department of Justice, Federal Bureau of Prisons.

25.     At all times alleged herein, Defendants knowingly participated in, acquiesced to, contributed to, encouraged, authorized (either expressly or implicitly), approved, and/or were deliberately indifferent to the wrongful acts and omissions alleged herein.

26.     At all times alleged herein, Defendants engaged in the alleged wrongful acts, omissions, misconduct, and abuse while acting under color of federal law.

## FACTUAL ALLEGATIONS

### The Sexual Assaults

27.     From June 6 through July 7, 2017, while a pre-trial detainee at MDC Brooklyn, Plaintiff was repeatedly extorted and physically and sexually assaulted in the J-72 housing area by two inmates thereat.[1]

28.     Between June 6 – July 7, 2017, these two inmates sexually threatened, abused, and assaulted Plaintiff almost daily.

29.     Upon information and belief, these two inmates were known by Defendants and MDC Brooklyn staff at large to be violent gang members.

30.     Upon information and belief, these two inmates were involved in violent incidents at MDC Brooklyn, which threatened the safety, security and good order of the facility, and the other inmates confined thereto, prior to and during the dates in question, of which Defendants and MDC Brooklyn staff at large were aware; however, no remedial action was taken.

31.     Upon information and belief, these two inmates were similarly extorting and sexually abusing another inmate assigned to J-72, a transgender inmate, prior to and during the dates in question, of which Defendants and MDC Brooklyn staff at large were aware; however, no

---

[1] Plaintiff has previously identified these two inmates to defendants both verbally and in writing.

remedial action was taken.

32.     During this period, Plaintiff informed numerous MDC Brooklyn staff what was happening to him, including but not limited to defendants Warden Quay, A.W. Garcia, Capt. White, C.O. Gonzalez, C.O. Jane Doe, and Counselor Maury; however, no remedial action was taken as none of the staff intervened to protect Plaintiff from these specific risks to Plaintiff's safety, security, and health.

33.     During this period, these two inmates frequently used objects (e.g., toothbrush, fingers, etc.) to sexually assault Plaintiff. Typically, one of these inmates would beat Plaintiff and violently insert an object into Plaintiff's anus while the other held Plaintiff down. This was done in the J-72 housing area, which Defendants are required to secure.

34.     During this period, these two inmates demanded that Plaintiff have his family deposit money into their MDC Brooklyn commissary accounts in order for these two inmates to "protect" him from other inmates. Out of fear, Plaintiff acquiesced and had his family deposit thousands of dollars into these two inmates' commissary accounts.

35.     These two inmates were not content with receiving the payments from Plaintiff and continued to demand further payments of increasing amounts, which Plaintiff eventually had to refuse as his family could not afford the continuing payments.

36.     Then, on or about July 7, 2017, these two inmates attacked Plaintiff and anally sodomized him with a broomstick. During the course of his sodomization, Plaintiff screamed out to officers for help, to no avail.

37.     When Plaintiff's attackers finished their attack, Plaintiff returned to his cell and pushed the panic button therein, again seeking help from these defendants. C.O. John Doe 1 arrived and, despite Plaintiff telling him what had just happened to him and observing Plaintiff's visible

distress, merely stated to Plaintiff that he would "be right back." C.O. John Doe 1 did not return.

38.     Throughout that evening, Plaintiff continued to cry out for help. Eventually, a correctional officer escorted Plaintiff to a "SIS location." There, Plaintiff informed defendant Lt. Poe, the supervisor in charge of the SIS location, what had transpired and his need for urgent medical attention. Despite this, Lt. Poe remained indifferent to Plaintiff's plight and was more concerned with the charges Plaintiff was accused of than his injuries. Lt. Poe laughed at Plaintiff and delayed Plaintiff's receipt of medical care.

39.     Defendant Lt. Metzger had also been at the SIS location and heard Plaintiff explain what had happened to him to Lt. Poe. Defendant Lt. Metzger was also indifferent to Plaintiff's agony and what had happened.

40.     Defendants Poe and Metzger did not offer immediate medical and mental health care to Plaintiff, nor did they make any arrangements for Plaintiff to receive such care. Rather, defendant Lt. Metzger mockingly told Plaintiff that he should "learn to defend himself."

41.     Eventually, Plaintiff was escorted to a medical unit where pictures and X-rays were taken of his injuries. Plaintiff complained of severe pain to his anus, mouth, and ribs. After the examination was complete, Plaintiff was provided aspirin and sent to a special housing unit ("SHU").

42.     Plaintiff spent at least one month in the SHU. During that time, Plaintiff repeatedly complained to C.O. John Doe 2 of continuing pain and swelling to his ribs and swelling to his mouth. Defendant C.O. John Doe 2 repeatedly ignored Plaintiff's pleas for help.

43.     A month later, Plaintiff was informed that he sustained three fractured ribs and needed extraction of his tooth.

## The Black-Out

44.     On or about January 27, 2019, MDC Brooklyn underwent a blackout/power outage. For the next six days, through February 3, 2019, MDC Brooklyn was without heat, hot water, and electricity. During that time, Plaintiff was repeatedly denied medical care by MDC staff.

## Post-Black-Out

45.     On or about February 5, 2019, Plaintiff reported to defendants C.O. Calixte and Lt. Metzger that he was experiencing numbness to his left side and that he had vomited blood. Both remained indifferent to his pleas for help and obvious need for medical care, thereby delaying his access to same. Defendant Lt. Metzger instead told Plaintiff that he was "sick in the head."

46.     Plaintiff would later be taken to the hospital and diagnosed with a hole in his stomach and a pinched nerve. He was confined to the hospital for at least three days.

## Defendants' Personal Involvement

47.     Throughout the foregoing ordeals, Plaintiff regularly advised the defendants what was happening through direct, verbal communications with the defendants as well as through MDC Brooklyn's inmate email system.

48.     In addition to the specific reporting instances set forth above, Plaintiff also informed defendants C.O. Gonzalez approximately 5-6 times, Counselor Maury 2-3 times, C.O. Jane Doe twice, and several housing unit officers numerous other times that he was being extorted and sexually abused by inmates. C.O. Gonzalez told Plaintiff that that is what happens in prison and suggested he beat his attackers with a "lock in a sock" next time they come after him. None of these individuals reported what they were told by Plaintiff to their superiors or the PREA deputy nor did they take any action to remedy the situation or protect Plaintiff from further harm.

49.     In addition to the specific reporting instances set forth above, Plaintiff also sent at

least eighty-five (85) e-mails to defendant Warden Quay, A.W. Garcia, Capt. White, and numerous other MDC Brooklyn staff wherein he described the foregoing in detail.

50.     Defendants Warden Quay, A.W. Garcia, Capt. White, and other MDC Brooklyn staff provided inadequate responses to Plaintiff's e-mails, failed to investigate his allegations of extortion and sexual abuse, failed to separate Plaintiff from his two attackers, and failed take any action to remedy the situation and protect Plaintiff from ongoing harm.

51.     As a result, the abusive conduct continued unabated, Plaintiff continued to suffer extreme pain, and Plaintiff's objectively serious physical injuries deteriorated and caused him further pain and anguish.

52.     As a result of the foregoing deliberate indifference and wrongful acts and omissions, Plaintiff was deprived of his constitutional rights and did suffer objectively serious physical, emotional, and psychological injuries.

53.     All of the aforesaid acts and omissions violated the Plaintiff's clearly established civil rights secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the injuries suffered.

54.     Defendants' actions were malicious in the instance and served no legitimate penological interest.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Herman Quay*

_____

55.     Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

56.     As alleged throughout this Amended Complaint, defendant Herman Quay was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

57.     As alleged throughout this Amended Complaint, defendant Herman Quay deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

58.     The conduct of defendant Herman Quay alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

59.     Defendant Herman Quay failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

60.     As defendant Herman Quay was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### SECOND CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Eleazar Garcia*

61.     Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

62.     As alleged throughout this Amended Complaint, defendant Eleazar Garcia was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

63.     As alleged throughout this Amended Complaint, defendant Eleazar Garcia deprived

the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

64.     The conduct of defendant Eleazar Garcia alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

65.     Defendant Eleazar Garcia failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

66.     As defendant Eleazar Garcia was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### THIRD CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Jonathan White*
_____

67.     Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

68.     As alleged throughout this Amended Complaint, defendant Jonathan White was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

69.     As alleged throughout this Amended Complaint, defendant Jonathan White deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

70.     The conduct of defendant Jonathan White alleged herein was, *inter alia*,

deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

71.     Defendant Jonathan White failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

72.     As defendant Jonathan White was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### FOURTH CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Lieutenant Poe*

73.     Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

74.     As alleged throughout this Amended Complaint, defendant Lt. Poe was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

75.     As alleged throughout this Amended Complaint, defendant Lt. Poe deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

76.     The conduct of defendant Lt. Poe alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

77.     Defendant Lt. Poe failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

78.     As defendant Lt. Poe was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### FIFTH CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution
By Defendant Lieutenant Metzger*

79.     Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

80.     As alleged throughout this Amended Complaint, defendant Lt. Metzger was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

81.     As alleged throughout this Amended Complaint, defendant Lt. Metzger deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

82.     The conduct of defendant Lt. Metzger alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

83.     Defendant Lt. Metzger failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

84.     As defendant Lt. Metzger was acting in the color of federal authority at the time he

violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### SIXTH CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Correctional Officer Calixte*
_____

85.     Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

86.     As alleged throughout this Amended Complaint, defendant C.O. Calixte was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

87.     As alleged throughout this Amended Complaint, defendant C.O. Calixte deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

88.     The conduct of defendant C.O. Calixte alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

89.     Defendant C.O. Calixte failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

90.     As defendant C.O. Calixte was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## SEVENTH CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Correctional Officer "John Doe #1"*

_____

91.     Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

92.     As alleged throughout this Amended Complaint, defendant C.O. John Doe 1 was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

93.     As alleged throughout this Amended Complaint, defendant C.O. John Doe 1 deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

94.     The conduct of defendant C.O. John Doe 1 alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

95.     Defendant C.O. John Doe 1 failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

96.     As defendant C.O. John Doe 1 was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## EIGHTH CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Correctional Officer "John Doe #2"*
_____

97.     Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

98.     As alleged throughout this Amended Complaint, defendant C.O. John Doe 2 was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

99.     As alleged throughout this Amended Complaint, defendant C.O. John Doe 2 deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

100.     The conduct of defendant C.O. John Doe 2 alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

101.     Defendant C.O. John Doe 2 failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

102.     As defendant C.O. John Doe 2 was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## NINTH CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Correctional Officer "John Doe #3"*
_____

103.   Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

104.   As alleged throughout this Amended Complaint, defendant C.O. John Doe 3 was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

105.   As alleged throughout this Amended Complaint, defendant C.O. John Doe 3 deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

106.   The conduct of defendant C.O. John Doe 3 alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

107.   Defendant C.O. John Doe 3 failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

108.   As defendant C.O. John Doe 3 was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## TENTH CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Correctional Officer Gonzalez*

_____

109.   Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

110.   As alleged throughout this Amended Complaint, defendant C.O. Gonzalez was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

111.   As alleged throughout this Amended Complaint, defendant C.O. Gonzalez deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

112.   The conduct of defendant C.O. Gonzalez alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

113.   Defendant C.O. Gonzalez failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

114.   As defendant C.O. Gonzalez was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## ELEVENTH CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Correctional Officer "Jane Doe"*

_____

115.    Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

116.    As alleged throughout this Amended Complaint, defendant C.O. Jane Doe was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

117.    As alleged throughout this Amended Complaint, defendant C.O. Jane Doe deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

118.    The conduct of defendant C.O. Jane Doe alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

119.    Defendant C.O. Jane Doe failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

120.    As defendant C.O. Jane Doe was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## TWELFTH CLAIM FOR RELIEF

*Violation of Rights Secured Under the Constitution*
*By Defendant Counselor Maury "Doe"*

121.    Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs as if fully set forth herein.

122.    As alleged throughout this Amended Complaint, defendant Counselor Maury was deliberately indifferent to and did personally deprive Plaintiff of rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

123.    As alleged throughout this Amended Complaint, defendant Counselor Maury deprived the decedent of adequate security and medical attention; inflicted cruel and unusual punishment; and subjected Plaintiff to unnecessary and wanton infliction of pain.

124.    The conduct of defendant Counselor Maury alleged herein was, *inter alia*, deliberately indifferent; criminally reckless; grossly incompetent, disproportionate and excessive; utterly intolerable to fundamental fairness; a violation of Plaintiff's due process and constitutional rights; and resulted in the infliction of cruel and unusual punishment and harm upon Plaintiff.

125.    Defendant Counselor Maury failed to intervene to protect Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

126.    As defendant Counselor Maury was acting in the color of federal authority at the time he violated Plaintiff's constitutionally protected rights, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury of all issues in this matter.

## **PRAYER FOR RELIEF**

Plaintiff requests compensatory damages against all defendants in an amount to be determined at trial, punitive damages against all defendants in an amount to be determined at trial, reasonable attorney's fees, costs and disbursements pursuant to law, and such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
　　　November 4, 2019

　　　　　　　　　　　　　　　　　　**HELD & HINES, L.L.P.**
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　2004 Ralph Avenue
　　　　　　　　　　　　　　　　　　Brooklyn, New York 11234
　　　　　　　　　　　　　　　　　　(718) 531-9700
　　　　　　　　　　　　　　　　　　phines@heldhines.com


　　　　　　　　　　　　　　　　　　*/s/ Philip Hines*
　　　　　　　　　　　　　　　　　　By: Philip M. Hines, Esq.