```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
RUSLAN MIRVIS,                :
                              :     19-CV-2573 (LDH)(VMS)
            Plaintiff,        :
                              :     July 14, 2020
                              :
        V.                    :     Brooklyn, New York
                              :
HERMAN QUAY, et al.,          :
                              :
            Defendant.        :
------------------------------X


       TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
             BEFORE THE HONORABLE VERA M. SCANLON
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:         URI NAZRYAN, ESQ.




For the Defendant:         SEAN P. GREENE, ESQ.



Audio Operator:



Court Transcriber:         ARIA SERVICES, INC.
                           c/o Elizabeth Barron
                           102 Sparrow Ridge Road
                           Carmel, NY 10512
                           (845) 260-1377




Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1              THE COURT:  This case is Mirvis v. Quay, 19-
 2   CV-2573.
 3              Let's start with plaintiff's counsel's
 4   appearance.
 5              MR. NAZRYAN:  Good afternoon, your Honor.
 6   My name is Uri Nazryan.  I'm an attorney at Held &
 7   Hines for plaintiff Ruslan Mirvis.
 8              THE COURT:  And for defendants?
 9              MR. GREENE:  AUSA Sean P. Greene on behalf
10   of the defendants who have appeared.
11              THE COURT:  I think you might have us on
12   speaker; it's echoing.  So if you could maybe move
13   closer to the speaker or pick it up, if that's okay.
14              MR. GREENE:  I actually have my headset in
15   but if it's still echoing, I can just -- can you hear
16   me now?
17              THE COURT:  Yes, that's better, okay.
18              MR. GREENE:  Okay.
19              THE COURT:  So thank you for your patience.
20   Our previous conference obviously ran quite long and I
21   know this is probably going to be quite short but
22   anyway.  Just so you know, the other folks on the line
23   are some of my staff and also, the summer interns are
24   on.  So if you don't mind, just very briefly, if we
25   could hear the plaintiff's position with regard to what
```

1  the case is about, then the defendants', and then we'll
2  talk about the motion to stay.
3           MR. NAZRYAN:  Okay, thank you, your Honor.
4  Mr. Nazryan speaking right now.  The gist of this case
5  is that the plaintiff was a pretrial detainee in a
6  Federal Bureau of Prisons' prison, MDC West, I believe.
7  While he was there, he was -- for a period of about a
8  month, he was extorted and sexually assaulted.  It's
9  our position that the prison staff knew about it and
10 failed to take appropriate action.  Then on one
11 particular date in July of 2017, after he was
12 assaulted, the staff delayed medical treatment to him
13 and continued to delay treatment over the course of a
14 month.  That's the primary gist of where these claims
15 arise out of.
16          Then there's a second set of events, which
17 was in 2019, when the prison experienced a blackout and
18 plaintiff's ability to obtain medical care for a
19 serious stomach issue was delayed then as well for like
20 a period of nine or ten days, during the course of
21 which he suffered quite a bit.  So plaintiff brings his
22 claims pursuant to Bivens for denial of
23 constitutionally adequate medical care under the Fifth
24 Amendment and for effectively a failure to protect,
25 also under the Fifth Amendment's due process clause.

```
 1                THE COURT:  Just a question:  Is there a
 2   class action about the blackout that he falls under?
 3                MR. NAZRYAN:  Yes, there is a class -- I
 4   think there might be two class actions pending.  The
 5   posture of that is a little confusing.  I don't think
 6   he's a class member yet but I believe he filed a Tort
 7   Claims Act claim with regard to the -- with regard to
 8   the blackout and the conditions of the confinement
 9   then.  But I don't think we have gotten anything from
10   the government yet as to those claims.
11                THE COURT:  Okay.  I'll come back to you on
12   the Bivens point.
13                The government's point -- the government's
14   perspective and, also, I know you've raised these
15   arguments in your letter to the district judge, but if
16   you could just (ui) Bivens argument is particularly but
17   if you want to say more about your case, that's fine,
18   too.
19                MR. GREENE:  Your Honor, this is Sean
20   Greene.  Just for the Court's reference, the
21   government's or I should say defendants' motion to
22   dismiss the amended complaint was fully briefed and
23   submitted on June 10th, and that motion will be fully
24   dispositive.  Since the case is Bivens only, there is
25   no FTCA component or any other cause of action -- I
```

1  suppose it's correct to say that the motion is
2  concerned with Bivens but it's addressed to more than
3  the insufficiency or the lack of a cause of action
4  flowing from the Supreme Court's Abaci (ph) decision.
5  It also covers the fact that plaintiff failed to
6  exhaust his administrative remedies before beringing
7  this action, and that he failed to set out the elements
8  of a claim for deliberate indifference to serious
9  medical needs in the amended complaint.  So there are a
10 couple of independent bases for defendants' motion to
11 dismiss the amended complaint.
12           I won't go into the details because all of
13 this has been filed.  But as it stands -- and I don't
14 want to speak out of turn here, but as it stands, I
15 believe the plaintiff and defendants are on the same
16 page in terms of where we are and why, with regards to
17 discovery, that it's in everyone's interest at this
18 point to seek a stay, and that's why in fact we
19 submitted the joint motion requesting the stay of
20 discovery until the district court has resolved the
21 motion to dismiss.
22           At this point, there is no ending discovery
23 request by either side.  You know, there had been one
24 request after the initial conference -- so after the
25 conference back in April, I believe, there was a

1  request that came to defendants but it was in the
2  nature of a request to the government for government
3  records, so it was construed as a Touhy request.  I
4  don't know what the status of that is, other than I
5  believe plaintiff has -- to the extent that he still
6  requires or needs those records, that he understands
7  that he has to make that request in accordance with
8  Touhy.
9           Other than that, I believe that the parties
10 are in agreement that there is not much to do here or
11 there's not much that would be gained from continuing
12 with discovery at this point, until it's determined
13 whether and if -- whether plaintiff has a cause of
14 action as determined by the district court.
15          THE COURT:  All right, so you touched on the
16 reason why I didn't cancel the conference, which is to
17 know where you are with the John Doe question/inquiry.
18 That's really I guess of most interest to the plaintiff
19 but I don't know what process you've undertaken just to
20 either know that it's moving forward or it's been
21 resolved or you dropped it or whatever.  But that would
22 be limited outstanding discovery that was discussed
23 back in April.
24          MR. NAZRYAN:  Your Honor, I can speak to
25 that.  Again, it's Uri Nazryan speaking.  Mr. Greene is

1   correct.  He stated everything -- at least with regards
2   to the procedure of where we are.  But as to the John
3   and Jane Doe discovery, I believe we figured out after
4   consulting with the client that we were not going to
5   amend the complaint at that time to add any new
6   parties, and that one of the John Doe's we believe was
7   actually one of the already identified parties, Mr.
8   Gonzalez.
9               THE COURT:  Okay.
10              MR. NAZRYAN:  So we didn't need to do
11  anything more there.
12              THE COURT:  Okay, all right.  So then the
13  motion to stay is granted given that the discovery --
14  given that at least from the defendants' perspective,
15  the motion is likely to be dispositive.  There are
16  definitely serious issues, right, and I had a brief
17  discussion with the interns about the fact that there's
18  recent case law limiting Bivens so figuring out the
19  contours is interesting, challenging right now, and
20  also that the discovery, if it needs to proceed, is
21  likely to be extensive and be against BOP in a
22  complicated, I think, procedural posture and amidst
23  challenging times for BOP and those in custody.  So I
24  think figuring out how to move forward with depositions
25  and the like right now would be pretty difficult.

| | |
|---|---|
| 1 | So as long as the government is on notice |
| 2 | that they have to preserve anything, any records that |
| 3 | might be needed for this case if the case continues I |
| 4 | think is fine.  It's probably a good idea to stay this |
| 5 | case now and, as plaintiff's counsel said on the |
| 6 | record, he no longer needs the discovery that was |
| 7 | discussed in our April 15th conference.  That's why I |
| 8 | wanted to have this discussion was to make sure because |
| 9 | when we talked about it before, it connected with |
| 10 | statute of limitations issues.  But since that's been |
| 11 | resolved, we don't need to do anything else. |
| 12 | So if the case continues, then you should |
| 13 | notify us and ask for a conference, and we'll set a |
| 14 | discovery schedule and see how you're going to litigate |
| 15 | the case if it continues.  All right, so that's it. |
| 16 | Thank you very much. |
| 17 | MR. NAZRYAN:  Thank you, your Honor. |
| 18 | MR. GREENE:  Thank you, your Honor.  Have a |
| 19 | good day. |
| 20 | * * * * * * |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18       I certify that the foregoing is a correct
19  transcript from the electronic sound recording of the
20  proceedings in the above-entitled matter.
21
22
23  [signature]
24
25  ELIZABETH BARRON                          August 19, 2020
```